STATE OF LOUISIANA     *       NO. 2021-KA-0254

VERSUS                *

                              COURT OF APPEAL

NATHANIEL O. ROBINSON    *

                              FOURTH CIRCUIT

               *

                              STATE OF LOUISIANA

              * * * * * * *

APPEAL FROM
CRIMINAL DISTRICT COURT ORLEANS PARISH
NO. 537-889, SECTION "DIVISION D"
Judge Kimya M. Holmes,
* * * * * *
**Judge Joy Cossich Lobrano**
* * * * * *
(Court composed of Judge Daniel L. Dysart, Judge Joy Cossich Lobrano, Judge
Dale N. Atkins)

**ATKINS, J., CONCURS IN PART AND DISSENTS IN PART WITH
REASONS**


Jason Rogers Williams, District Attorney
Brad Scott, Chief of Appeals
ORLEANS PARISH DISTRICT ATTORNEY
619 S. White Street
New Orleans, LA 70119

      COUNSEL FOR APPELLEE/STATE OF LOUISIANA


Meghan Harwell Bitoun
LOUISIANA APPELLATE PROJECT
P.O. Box 4252
New Orleans, LA 70178-4252

      COUNSEL FOR APPELLANT/DEFENDANT


             **CONVICTIONS AND SENTENCES AFFIRMED**

                        **APRIL 13, 2023**

JCL

DLD

This matter was previously before this Court. In *State v. Robinson*, this Court remanded this matter to the district court with instructions to review the record and to conduct further proceedings to ascertain whether the verdicts convicting Defendant, Nathaniel O. Robinson ("Defendant"), were, in fact, non-unanimous; and this Court ordered the district court to provide a *per curiam* on the *Ramos* issue,[1] stating the outcome of its review and proceedings. 21-0254, p. 33 (La. App. 4 Cir. 2/18/22), 336 So.3d 567, 587. The district court subsequently provided a *per curiam* to this Court. For the reasons discussed below, we affirm Defendant's convictions and sentences.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

The underlying facts of this case are set forth in this Court's previous opinion. *See Robinson*, 21-0254, pp. 1-2, 336 So.3d at 569-70. The procedural history germane to this appeal is that on August 7, 2019, a jury found Defendant guilty of seventeen counts of video voyeurism; seventeen counts of attempted indecent behavior with a juvenile; and one count of indecent behavior with a juvenile. *Id.* at pp. 2-3, 226 So.3d at 570. When the jury returned with its verdicts,

---

[1] *See Ramos v. Louisiana*, 590 U.S. ---, 140 S.Ct. 1390, 206 L.Ed.2d 583 (2020).

the district court asked if there were at least ten jurors who agreed with the verdicts, and the jury foreperson responded affirmatively. *Id.*, 21-0254, p. 4, 336 So.3d at 571. After the jury foreperson read the verdicts, the district court asked if there were any motions, to which counsel for Defendant responded, "Not now by the defense, Judge." Subsequently, the district court sentenced Defendant to a total of fifteen years with the sentences on certain counts running consecutive to some counts and concurrent with other counts. *Id.*, 21-0254, pp. 3-4, 336 So.3d at 570.

"At the time of Defendant's trial in August 2019, Louisiana law accepted non-unanimous jury verdicts in felony trials, and Louisiana jurisprudence upheld the constitutionality of such verdicts." *Id.*, 21-0254, p. 30, 336 So.3d at 585 (citing *State v. Bertrand*, 08-2215 (La. 3/17/09), 6 So.3d 738). However, after Defendant's trial, on April 20, 2020, the United States Supreme Court rendered its decision in *Ramos*. Therein, the United States Supreme Court reviewed whether the federal Sixth Amendment right to trial "by an impartial jury" in criminal prosecutions calls for a unanimous jury verdict. *Robinson*, 21-0254, p. 31, 336 So.3d at 585 (citing *Ramos*, 140 S.Ct. at 1394). The United States Supreme Court further reviewed whether that right applies in state criminal trials via the Fourteenth Amendment. *Id.* "The United States Supreme Court definitively ruled that the Sixth Amendment right to a jury trial requires a unanimous jury verdict to convict a defendant of a serious offense in a federal or state criminal prosecution." *Id.* (citing *Ramos*, 140 S.Ct. at 1395-97). Thus, per *Ramos*, a non-unanimous jury verdict in a federal or state felony trial is unconstitutional. *Id.*, 21-0254, p. 31, 336 So.3d at 586. Additionally, *Ramos* invalidated the convictions by non-unanimous jury verdicts for defendants whose cases are still on direct appeal. *Id.*, 21-0254, pp. 31-32, 336 So.3d at 586 (citing *Ramos*, 140 S.Ct. at 1406-08; *State v. Myles*, 19-

2

0965, p. 1 (La. App. 4 Cir. 4/29/20), 299 So.3d 643, 644; *Griffith v. Kentucky*, 479 U.S. 314, 328, 107 S.Ct. 708, 716, 93 L.Ed.2d 649 (1987) (providing for the retroactivity of new rules in the prosecution of criminal matters)).

Considering the foregoing and the fact that the record before this Court did not demonstrate unanimous verdicts for Defendant's convictions, this Court found merit in Defendant's fourth assignment of error, wherein he contended that his "convictions were obtained in violation of his constitutional right to a unanimous verdict."[2] *Id.*, 21-0254, p. 30, 336 So.3d at 585. As detailed in our prior Opinion, this Court issued orders to the district court and the Clerk of Criminal District Court ("Clerk of Criminal Court") in an attempt to locate the jury polling slips, if any existed, and to determine "the steps made to locate the slips, including any information discovered as to the number of jurors voting to convict Defendant." *See Robinson*, 21-0254, pp. 4-5, 336 So.3d at 571. In response, the Clerk of Criminal Court filed correspondence with this Court, stating that "[f]ollowing a thorough inspection of the Clerk's Office it was determined that no jury polling slips were found in the record. Additionally, no jury polling slips were ever placed under seal concerning the referenced matter." *Id.*, 21-0254, p. 5, 336 So.3d at 571.

Ultimately, this Court followed *State v. Norman*, 20-00109 (La. 7/2/20), 297 So.3d 738, and remanded this matter for the district court to review the record and conduct further proceedings to ascertain whether the verdicts were, in fact, non-unanimous and to provide a *per curiam* to this Court on the *Ramos* issue and stating the outcome of its review and proceedings. *Id.*, 21-0254, p. 33, 336 So.3d at 586-87. The district court's *per curiam* set forth the following:

---

[2] This Court also pointed out the non-unanimity of Defendant's verdict as part of our error patent review. *See Robinson*, 21-0254, p. 22, 336 So.3d at 580.

3

This Court has been instructed by the Court of Appeal to author a *Per Curiam* after reviewing the record and conducting further proceedings as to the question of jury unanimity in the above captioned matter.

Nathaniel O. Robinson was tried by jury, with this Court's predecessor presiding over the proceedings, on August 6[] and 7[], 2019. After deliberation, the jury returned verdicts of guilt on 34 counts: 17 counts of video voyeurism of a juvenile, 16 counts of attempted indecent behavior with a juvenile, and one count of indecent behavior with a juvenile. Mr. Robinson was subsequently sentenced by the trial court on September 13, 2019.

This Court finds that there is no evidence that jury polling was ever requested by the defense, and therefore was not conducted following the verdict rendered by the aforementioned trial jury. This Court has conducted a thorough inquiry into the issue of jury unanimity or nonunanimity as detailed below:

This Court ordered, on July 26[], 2021, that the Orleans Clerk of Criminal Court unseal and provide Jury Polling Slips to the Fourth Circuit Court of Appeal, should any exist under seal (see Exhibit 1, in globo). The Orleans Criminal Clerk of Court reported that none were placed under seal. This Court thereafter sent correspondence via facsimile, confirmed transmitted, to the Clerk of the 4th Circuit Court of Appeal, on August 6, 2021 detailing the steps taken to ascertain whether polling had been conducted after the verdict; which is attached herein (see Exhibit 1, in globo).

After the record was located for inspection by the Court, the Court examined the record and found no evidence of polling slips. The verdict forms, signed and properly executed by the jury foreperson are located within the record. The minutes of trial do not reflect polling was requested by defense counsel after the verdict was rendered.

This Court confirmed with the court reporter of the trial, Crystal Ballast, that the trial transcript that was generated and lodged at the Fourth Circuit Court of Appeals is complete and correct. This Court notes that within the trial transcript, at p.310, lines 7-15, after the verdict was read in open court, the trial judge, the Hon. Paul Bonin, asked on the record whether any additional motions lay, and that defense counsel responded in the negative. There is no evidence that the defense counsel, acting on behalf of Mr. Robinson, ever requested polling for any of the counts.

This Court re-examined the record pursuant to the instant Writ of Mandamus, and finds again that the record does not reflect that polling was ever requested. Therefore, no polling of jurors was

conducted after conclusion of trial. The trial transcript indicates that the trial court inquired as to whether the defense intended to make any motions, and that the defense counsel did not elect to move for polling. After this inquiry by the trial court, the verdicts were accepted and made a part of the court record as valid verdicts, and the jury was discharged (see trial transcript, p. 310). There is no indication in the minutes that polling was requested by the State or defense.

It is therefore the opinion of this Court that the defendant did not make any request for polling of jurors upon the rendering of the verdict and prior to discharging the jury in accordance with [La.] C.Cr.P. [a]rt[.] 812,[3] and this Court is therefore unable to ascertain whether the verdicts were unanimous due to the defendant's failure to make a request for jury polling prior to recordation of the verdicts.

We now discuss how to resolve Defendant's fourth assignment of error in light of the district court's above *per curiam* and *Ramos*. We further address Defendant's second and third assignments of error, namely, that "[t]he [district] court erred in permitting the State to introduce an unrelated sex tape of [Defendant] and his wife" and that "[t]he sentence in this case is unconstitutionally excessive."[4]

## DISCUSSION

### *Ramos Claim*

As stated previously, in his fourth assignment of error, Defendant asserted that his "convictions were obtained in violation of his constitutional right to a unanimous verdict." Our review of the record and the district court's *per curiam* reveals that the question as to whether the verdicts convicting Defendant were unanimous remains unresolved and no polling of the jury occurred: because the

---

[3] Louisiana Code of Criminal Procedure art. 812(A) states, in part, that "[t]he court shall order the clerk to poll the jury if requested by the state or the defendant."

[4] In our prior Opinion, we pretermitted discussion of Defendant's second and third assignments of error. *Robinson*, 21-0254, p. 33, 336 So.3d at 586-87. Further, we reviewed the merits of Defendant's first assignment of error, wherein he contended that "[t]here was insufficient evidence to convict [Defendant] of these crimes, because the State's evidence did not establish 'lewd or lascivious' conduct." We concluded that this assignment of error lacked merit because the State presented sufficient evidence to convict Defendant. *Robinson*, 21-0254, pp. 23-30, 336 So.3d at 581-85.

presiding district court judge asked whether at least ten jurors agreed to the verdicts and the jury foreperson answered affirmatively, we know only that at least ten of the twelve jurors agreed. This means that the jury votes convicting Defendant could have been 10-2; 11-1; or 12-0. Therefore, we must determine what to do in light of this uncertainty and the lack of jury polling.

Our review of the jurisprudence reveals that the courts of appeal have reached different results on whether to review a non-unanimous jury claim in the absence of an objection or a request for polling of the jury by the defense. In *State v. Bradley*, the Louisiana Second Circuit Court of Appeal ("Second Circuit") faced an analogous situation to the matter *sub judice*: the record did not demonstrate that the defendant's four convictions for second degree rape were by a non-unanimous jury vote, and counsel for the defendant had not requested polling of the jury with respect to those convictions. 53,550, p. 7 (La. App. 2 Cir. 11/18/20), 307 So.3d 369, 374. The Second Circuit deemed the matter of the non-unanimity of the jury "to be waived" and affirmed the defendant's convictions, stating that "the matter was clearly before the parties and the court gave defense counsel the opportunity to make a request to have the jury polled on those convictions." *Id.,* 53,550, p. 9, 307 So.3d at 374. Similarly, in *State v. Thompson*, the Louisiana First Circuit Court of Appeal ("First Circuit") stated that "because [defense] counsel did not poll the jury and its verdict was otherwise unrecorded, defendant is precluded from raising the [non-unanimous jury] issue on appeal, even on error patent review." 20-0023, p. 6 (La. App. 1 Cir. 4/16/21), 324 So.3d 113, 117.

However, this Court has held that "a challenge to the unanimity of the verdict is an error patent under Louisiana law; and, as such, an objection to the jury's verdict, in the form of polling the jury, is not required." *State v. Lamizana*,

21-0409, p. 7 (La. App. 4 Cir. 3/23/22), --- So.3d ---, ---, 2022 WL 869670, *4 (citing *State v. Monroe*, 20-00335 (La. 6/3/20), 296 So.3d 1062). *See also State v. Taylor*, 19-00946, p. 1 (La. 6/3/20), 296 So.3d 1020, 1021; *State v. Corn*, 19-01892, p. 1 (La. 6/3/20), 296 So.3d 1043, 1044 (holding that "[i]f the non-unanimous jury claim was not preserved for review in the trial court or was abandoned during any stage of the proceedings, the court of appeal should nonetheless consider the issue as part of its error patent review" (citing La. C.Cr.P. art. 920(2))). Additionally, we note that in *State v. Fortune*, this Court remanded the matter for a *per curiam* for a resolution of the *Ramos* issue, and the district court's *per curiam* stated that "[a]lthough no formal polling of the jury was taken during the sentencing of this matter, and jury slips are not available as part of the record, this Court confirms the representations of both counsel for the defense and the prosecution as found in the sentencing transcript of this Court, that the jury returned a non-unanimous verdict of 10-2." 19-0868, p. 2 (La. App. 4 Cir. 11/18/20), 310 So.3d 604, 604. In response to the *per curiam*, this Court vacated the defendant's conviction and sentence and remanded the matter for a new trial, despite the defendant's failure to poll the jury. *Id.*, 19-0868, p. 2, 310 So.3d at 605

Our review of the relevant laws and jurisprudence leads us to disagree with the interpretations contained in *Bradley* and *Thompson*. Though *Bradley* contends that a non-unanimous jury claim is something that a defendant can "waive" by failing to object in the form of polling the jury, this Court has specifically held that a non-unanimous jury issue is an error patent, which constitutes an exception to the contemporaneous objection rule. *See State in Interest of C.H.*, 21-0516, pp. 17-18 (La. App. 4 Cir. 1/26/22), 335 So.3d 451, 462; *State v. Lamizana*, 21-0409, p. 7, --- So.3d at ---, 2022 WL 869670, *4. Therefore, we decline to follow the holdings of

the Second Circuit and the First Circuit in *Bradley* and *Thompson*, respectively. Instead, we follow the Louisiana Supreme Court's directive in *Taylor* and *Corn*, as well as the precedent set by this Court in *Lamizana* and *Fortune*: in light of *Ramos*, a non-unanimous jury issue is an error patent that an appellate court must review even if the defendant did not object in the form of polling the jury.

Here, there is nothing in the record to affirmatively indicate that the verdicts convicting Defendant were anything but unanimous. The district court asked the jury foreperson if there were at least ten jurors in agreement, and the response was affirmative. There is no other evidence in the record, transcripts, or clerk's office that the jury's decision was less than unanimous. Unlike *Fortune*, there are no representations by trial counsel or confirmation by the presiding district judge that the jury was not unanimous. Accordingly, we find that Defendant's fourth assignment of error lacks merit.

### Admission of Sex Tape

In his second assignment of error, Defendant contends the trial court erred by allowing the introduction of a sex tape of Defendant having sex with his wife. At trial, the defense objected to the relevancy of the video, and the objection was overruled. Defendant was willing to stipulate that a video of him having sex with his wife was located on his computer. The State would not agree to the stipulation, and the video was played. The State claims the sex tape is relevant to show lewd and lascivious behavior on the part of Defendant, which is an element of the offenses of video voyeurism and indecent behavior with a juvenile with which Defendant was charged.

"Relevant evidence" means "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more

8

probable or less probable than it would be without the evidence." La. C.E. Art 401. However, "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, or waste of time." La. C.E. Art 403. "The term 'unfair prejudice,' as to a criminal defendant, speaks to the capacity of some concededly relevant evidence to lure the fact-finder into declaring guilt on a ground different from proof specific to the offense charged." *State v. Simmons*, 21-0547, p. 5 (La. App. 4 Cir. 11/24/21), 332 So.3d 158, 161, *writ denied*, 22-00112 (La. 3/15/22), 334 So.3d 397 (citing *State v. Smith*, 19-607, p. 3 (La. App. 5 Cir. 1/21/20), --- So.3d ---, ---, 2020 WL 356010, *2). Absent a clear abuse of discretion, a trial court's ruling as to relevancy should not be disturbed on appeal. *State v. Whittaker*, 463 So.2d1270 (La. 1985).

To prove that a defendant committed video voyeurism, the State must prove three elements, namely that (1) defendant used an image-recording device for the purpose of observing, viewing, photographing, filming, or videotaping another person; (2) that the person did not consent to being observed, photographed, or videotaped; and (3) that the defendant committed the act for a lewd or lascivious purpose. *Robinson*, 21-0254, pp. 29-30, 336 So.3d at 584 (citing *Breedlove*, 51,055, p. 5 (La. App. 2 Cir. 1/11/17), 213 So.3d 1195, 1201). To convict a defendant of indecent behavior with a juvenile, the State must prove three elements, namely (1) an age difference of more than two years between the defendant and the victim, who was not yet seventeen; (2) the defendant committed a lewd or lascivious act upon the person or in the presence of a child; and (3) the defendant intended to arouse or gratify either his own or the victim's sexual

desires. *Robinson*, 21-0254, pp. 25-26, 336 So.3d at 582 (citing *State v. Dukes*, 19-0172, p. 10 (La. App. 4 Cir. 10/2/19), 281 So.3d 745, 753).

The sex tape of Defendant and his wife tends to prove that Defendant recorded this sexually explicit material and saved it on his computer for purposes of future sexual gratification. This evidence is relevant to the charged offenses as it tends to show that Defendant acted with the specific intent to arouse or gratify his sexual desires when he secretly videotaped the victim while she was nude and on one occasion, while she was wearing a T-shirt and her pants were pulled down, and saved this video footage on his computer. Further, the probative value of this evidence substantially outweighs any prejudicial effect.

### *Excessive Sentence*

In his third assignment of error, Defendant argues the district court's imposition of consecutive sentences is constitutionally excessive. Defendant's argument regarding his sentences is confined to the propriety of consecutive sentences, rather than the actual length of the individual sentences.

The Eighth Amendment to the United States Constitution prohibits cruel and unusual punishment, while art. I, § 20 of the Louisiana Constitution also prohibits the imposition of excessive punishment. *State v. Wilson*, 14-1267, p. 23 (La. App. 4 Cir. 4/29/15), 165 So.3d 1150, 1165. "[A] sentence is excessive and unconstitutional if it is grossly out of proportion to the severity of the crime or if it is nothing more than the purposeless and needless imposition of pain and suffering." *State v. Bonanno*, 384 So.2d 355, 357 (La. 1980). A trial judge has broad discretion when imposing a sentence, and a reviewing court may not set a sentence aside absent a manifest abuse of discretion. *State v. Batiste*, 06-0875, p. 17 (La. App. 4 Cir. 12/20/06), 947 So. 2d 810, 820.

La. C.Cr.P. art. 883 sets forth the general rule for concurrent versus consecutive sentences:

> If the defendant is convicted of two or more offenses based on the same act or transaction, or constituting parts of a common scheme or plan, the terms of imprisonment shall be served concurrently unless the court expressly directs that some or all be served consecutively. Other sentences of imprisonment shall be served consecutively unless the court expressly directs that some or all of them be served concurrently.

Defendant's convictions relate to seventeen video recordings made by him of the victim, sixteen of which were made while she was showering and one while she was in another room in the house. The district court found that the sixteen video recordings of the victim in the bathroom captured five separate visits to the bathroom. The district court sentenced Defendant to a total of fifteen years with the sentences on certain counts running consecutive to some counts and concurrent with other counts. Specifically, the district court imposed the following sentences: counts 1, 2, 3, 18, 19, and 20 were ordered to run concurrent with each other at two years each; counts 4, 5, 6, 7, 21, 22, 23, and 24 were ordered to run concurrent with each other at two years each; counts 8, 9, 10, 25, 26 and 27 were ordered to run concurrent with each other at two years each; counts 11, 12, 13, 28, 29, and 30 were ordered to run concurrent with each other at two years each; counts 14, 15, 16, 31, 32, and 33 were ordered to run concurrent with each other at two years each; and counts 17 and 34 were ordered to run concurrent with each other at three years and five years, respectively. Each set of concurrent sentences was ordered to run consecutively to every other set of sentences. *See Robinson*, 21-0254, pp.3-4, 336 So.3d at 570.

The district court ordered that the concurrent sentences for each separate incident of video recording run consecutively to one another. As such, the district court did not impose consecutive sentences for the same course of conduct. We find that the district court did not abuse its discretion in imposing the sentences consecutively.

## CONCLUSION

For the foregoing reasons, we affirm Defendant's convictions and sentences.

**CONVICTIONS AND SENTENCES AFFIRMED**